## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

NARAYANA RHEINER,

       *Defendant*.

No. 22-cr-108 (DLF)

## <u>ORDER</u>

Narayana Rheiner seeks a retroactive reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. For the reasons that follow, the Court will deny his motion.

In general, the Court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But if "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [U.S.] Sentencing Commission" under 28 U.S.C. § 994(o), the Court "may reduce" his sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2). "[T]he Court has the discretion to implement the requested sentence reduction[] but is not required to do so." *United States v. Galaviz*, 183 F. Supp. 3d 103, 105 (D.D.C. 2016); *see In re Sealed Case*, 722 F.3d 361, 370 (D.C. Cir. 2013). "'Whether, and to what extent, a reduction . . . is warranted'" is "left to the discretion of the district court, as guided by" the Sentencing Commission's policy statements and "the sentencing factors listed at 18 U.S.C. § 3553(a)." *In re Sealed Case*, 722 F.3d at 370 (quoting U.S.S.G. § 1B1.10(b)(1)).

1

Here, the parties agree that the Court has discretion to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2).  They disagree, however, over how the Court should exercise its discretion.  Having considered the Sentencing Commission's policy statements and the § 3553(a) factors, the Court will not reduce the defendant's sentence.

The defendant's core problem is that the Court considered, and accepted, his arguments for a sentence reduction when it sentenced him the first time.  At sentencing, the defendant's criminal record placed him in Criminal History Category IV.  Tr. of Sentencing Hrg. at 3:23, Dkt. 49.  As a result, the Sentencing Guidelines recommended a range of 18 to 24 months' incarceration.  *Id.* at 11:14. The defendant argued at sentencing that this range "overstate[d] . . . his criminal history," and the Court agreed in part—it treated the defendant as if he were a Category III offender instead (yielding a Guidelines range of 12 to 18 months), varied downwards from the defendant's 18 to 24 month range, and sentenced him to 15 months in prison.  *Id.* at 32:17, 33:6–10.  Now, the defendant observes that retroactive amendments to the Sentencing Guidelines make him a Category III offender after all.  Def.'s Mot. to Reduce Sentence at 4, Dkt. 51.  But that does not alter the Court's bottom-line conclusion that "15 months' incarceration [was] sufficient but not greater than necessary to fulfill the goals of punishment."  Tr. of Sentencing Hrg. at 33:13–14.  Rather, at most, it confirms the Court's prior conclusion that sentencing the defendant as if he were a Category III rather than a Category IV offender was appropriate.

The defendant contends that the Court should convert his below-guidelines sentence to a low-end, 12-month sentence in view of his traumatic childhood.  As the Court explained at sentencing, however, it must balance that undoubtedly weighty factor against the defendant's "aggressive, combative actions" on January 6 and his substantial prior criminal record.  *Id.* at 29:13–30:14. Now as then, that balance supports a sentence of 15 rather than 12 months of

incarceration.  So too, the defendant's good behavior in prison—while laudable—does not outweigh the other factors that support a sentence of incarceration longer than 12 months, including the gravity of the defendant's offense and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

As the Court found at the time of sentencing, the defendant's actions were highly aggressive and confrontational, not just on the front line but inside the Capitol too.  Outside the Capitol building, he pulled a riot shield from the arms of an officer, causing the officer to fall down steps.  Statement of Offense ¶ 10, Dkt. 41.  He also encouraged other rioters to help him breach the police line.  *Id.*  Both on the Capitol grounds and inside the Capitol building, the defendant could not be deterred.  He continually advanced even though officers sprayed him repeatedly with pepper spray.  *Id.* ¶ 11.

Taking into account other January 6 cases involving similar charges, these aggravated circumstances justified a sentence at or above the high end of the guideline range.  But after correctly calculating the defendant's Guidelines range, *see United States v. Turner*, 548 F.3d 1094, 1099 (D.C. Cir. 2008), and considering these aggravating factors, the Court also considered "*all* of the § 3553(a) factors"—including the mitigating factors the defendant emphasizes now.  *Gall v. United States*, 552 U.S. 38, 49–50 (2007) (emphasis added).  Having balanced the good and the bad, the Court concluded at sentencing that a 15-month sentence was sufficient but not greater than necessary to accomplish the purposes of punishment enumerated at 18 U.S.C. § 3553(a).  Amendment 821 does not change this conclusion.

For these reasons, the defendant's motion for reduction in sentence is **DENIED**.

**SO ORDERED.**

May 17, 2024

DABNEY L. FRIEDRICH
United States District Judge